**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DAYVEN JOSEPH,
*Defendant-Appellant*.

No. 11-10492

D.C. No.
1:11-cr-00281-
LEK-1

OPINION

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted
October 17, 2012—Honolulu, Hawaii

Filed May 29, 2013

Before: Stephen Reinhardt, Sidney R. Thomas,
and Richard A. Paez, Circuit Judges.

Opinion by Judge Paez

# SUMMARY[*]

## Criminal Law

Vacating a sentence imposed following a guilty plea to two counts of possession of contraband by an inmate and one count of providing contraband to an inmate in violation of 18 U.S.C. § 1791, the panel held that the district court committed plain error by interpreting 18 U.S.C. § 1791(c) to require consecutive sentencing for controlled substances offenses that arose out of separate items of drugs.

## COUNSEL

Alexander Silvert (argued), Assistant Federal Public Defender, Peter C. Wolff, Jr., Federal Public Defender, and Donna M. Gray, Assistant Federal Defender, Honolulu, Hawaii, for Defendant-Appellant.

Jonathan M.F. Loo (argued), Assistant United States Attorney; Florence T. Nakakuni, United States Attorney, Honolulu, Hawaii, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PAEZ, Circuit Judge:

While incarcerated in a federal detention facility, Defendant Dayven Joseph obtained possession of marijuana on several occasions and provided some of that marijuana to another inmate. He was charged with two counts of possession of contraband and one count of providing contraband to an inmate, all in violation of 18 U.S.C. § 1791. Following his guilty plea, the district court imposed a 24-month sentence. Joseph timely appealed.

Joseph argues that the district court plainly erred in interpreting § 1791(c) to require consecutive sentences for convictions when they are based on two separate items of contraband. As we explain below, § 1791 prohibits the possession of contraband by federal prison inmates and the provision of contraband to them. The allegations in Counts 1 and 2 in the indictment involved a single item of marijuana that entered the prison in December 2010. Count 1 charged Joseph with possessing contraband marijuana while an inmate of a federal prison, and Count 2 charged him with providing that marijuana to another inmate. Count 4 charged Joseph with possessing a separate item of marijuana as a federal inmate in February 2011. At the sentencing hearing, the district court assumed that § 1791(c) required imposition of consecutive sentences on all three counts. Because we hold that § 1791(c) only requires consecutive sentences where there is more than one conviction resulting from a single item

of a controlled substance, we reverse and remand for resentencing.[1]

## FACTS AND PROCEDURAL HISTORY

At the time of the § 1791 violations, Joseph was serving a state sentence for sexual abuse at the Federal Detention Center Honolulu.  In February 2011 Joseph was found with 2.916 grams of marijuana after a visit with family members. The FBI interviewed Joseph later that month, at which point Joseph admitted he had received about 1 gram of marijuana through a family member in December 2010 and provided it to another inmate.

The Government filed an indictment in March 2011 charging Joseph with three counts of violating 18 U.S.C. § 1791.  Counts 1 and 2 related to a single item of marijuana that Joseph obtained and provided to a fellow inmate on or about December 12, 2010.  Count 1 charged Joseph with possessing marijuana while an inmate of a federal prison in violation of § 1791(a)(2), and Count 2 charged him with providing that marijuana to another inmate in violation of § 1791(a)(1).  Count 4 charged Joseph with possessing a separate item of marijuana as a federal inmate on or about

---

[1] Section § 1791(c) contains two "provisions."  The first provides: "Any punishment imposed under subsection (b) for a violation of this section involving a controlled substance shall be consecutive to any other sentence imposed by any court for an offense involving such a controlled substance."  The second provides: "Any punishment imposed under subsection (b) for a violation of this section by an inmate of a prison shall be consecutive to the sentence being served by such inmate at the time the inmate commits such violation."  Joseph does not challenge the second provision and we need not address it here.

February 13, 2011 in violation of § 1791(a)(2). Joseph pled guilty to all three counts without a plea agreement.

The probation office prepared a presentence report ("PSR"), which among other things summarized the court's sentencing options. As relevant here, the PSR noted that § 1791(c) "provides that, the term of imprisonment shall be imposed to run consecutive to *any other* sentence imposed for offenses involving *a* controlled substance."[2] (emphasis added). Joseph did not object to the PSR.

The district court conducted a sentencing hearing in September 2011. Relying on the information contained in the PSR, the court calculated the advisory Sentencing Guidelines range as 10–16 months "as to each of counts 1, 2, and 4 . . . [which] must run consecutive to any other sentence." After the Government, defense counsel and Joseph had an opportunity to address the court, the district court imposed a sentence of 10-months imprisonment as to each possession count (Counts 1 and 4) and 4-months imprisonment as to the provision count (Count 2), all to run consecutively for a total of 24 months; and 3 years of supervised release.[3] Joseph's counsel did not object to the imposition of consecutive sentences.

---

[2] The PSR also noted that, pursuant to the second provision in § 1791(c), any sentence imposed must run "consecutive to any sentence being served at the time the defendant committed the instance offense."

[3] Pursuant to the second provision in § 1791(c), which is not at issue here, the term of imprisonment was also imposed to run consecutively to the state sex abuse sentence for which Joseph was incarcerated at the time he committed the § 1791 violations.

## ANALYSIS

### I.

We review a sentence for both procedural error and substantive reasonableness. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review de novo the district court's interpretation of a statute. *United States v. Wahid*, 614 F.3d 1009, 1013 (9th Cir. 2010). When a defendant does not object in the district court to the application of a statute to the facts of his case, we generally review the district court's application of the statute for "plain error." *See id.*; *see also United States v. Ayala-Nicanor*, 659 F.3d 744, 746–47 (9th Cir. 2011) (applying plain error when defendant failed to object to the district court's interpretation of the Sentencing Guidelines); *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426–28 (9th Cir. 2011) (same); *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009) (same).[4]

---

[4] We note that we "are not limited to [a plain error] standard of review where the appeal presents a pure question of law and there is no prejudice to the opposing party" that resulted from a defendant's failure to object. *Gonzalez-Aparicio*, 663 F.3d at 426; *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010) (declining to apply plain error review to the question of whether the district court correctly applied the Sentencing Guidelines when the defendant failed to object at sentencing); *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (declining to apply plain error review when the defendant challenged a sentencing enhancement for the first time on appeal based on the argument that a prior conviction was not, as a matter of law, an aggravated felony);

"Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'"  *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citation, alteration and internal quotation marks omitted)); *see also United States v. Olano*, 507 U.S. 725, 733–35 (1993).  "If these three conditions of the plain error test are met, an appellate court may exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Ameline*, 409 F.3d at 1078 (quoting *Cotton*, 535 U.S. at 631 (citation and alteration omitted)).

## II.

## A.

First, we must determine de novo whether § 1791(c) requires consecutive sentences on all three counts of conviction.  Section 1791 prohibits possessing or providing to an inmate contraband in a federal prison.  Subsection 1791(a) defines the offenses of providing an inmate with contraband or being an inmate who attempts to possess or

---

*United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001).  Because the question before us is one of law and the Government suffers no harm from Joseph's failure to object in the district court, we could decline to apply plain error review.  However, because we hold that reversal is warranted under the more deferential plain error standard of review, we need not address how our analysis would proceed under a different standard.

possesses contraband.[5]   Subsection 1791(b) sets forth the applicable punishments for violations of § 1791(a).[6]   The relevant portion of § 1791(c) then contemplates a scenario in which the violation of § 1791(a) involves "a controlled substance."   The full text of § 1791(c) provides:

> (c) Consecutive punishment required in certain cases.—Any punishment imposed under subsection (b) for a violation of this section **involving a controlled substance**

---

[5]  **(a) Offense.**–Whoever–

> **(1)** in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object, or attempts to do so; or

> **(2)** being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object;

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 1791(a).

[6]  **(b) Punishment.**–The punishment for an offense under this section is a fine under this title or– . . .

> **(3)** imprisonment for not more than 5 years, or both, if the object is specified in subsection (d)(1)(B) of this section; . . . .

18 U.S.C. § 1791(b).  Subsection (d)(1)(B) defines a "prohibited object" to include "marijuana."  18 U.S.C. § 1791(d).

shall be consecutive to any other sentence imposed by any court for an offense involving ***such a controlled substance***. Any punishment imposed under subsection (b) for a violation of this section by an inmate of a prison shall be consecutive to the sentence being served by ***such*** inmate at the time the inmate commits ***such*** violation.

18 U.S.C. § 1791(c) (emphasis added). At issue here is whether the phrase "such a controlled substance" refers to *any* controlled substance or the *specific item* of drugs that was involved in the violations of § 1791(a).

Joseph argues that "such a controlled substance" refers only to the specific item of drugs that provided the basis for the violation of § 1791(a). Under this interpretation, the statute would mandate consecutive sentences only when multiple sentences are imposed for convictions involving the same item of drugs—not for any conviction involving a different item of drugs. Here, Counts 1 and 2 involved possessing and providing the same item of drugs and therefore § 1791(c) would require consecutive sentences as to those counts. Count 4, however, involved a separate item of drugs and therefore § 1791(c) would not require a consecutive sentence as to that count.

In contrast, the Government argues that "such a controlled substance" in § 1791(c) refers to *any* controlled substance, irrespective of whether it was the specific item of drugs or even the same type of drug that formed the basis for the violation of § 1791(a). This reading of the statute would require consecutive sentences as to all three of Joseph's counts of conviction. It would also follow that these

sentences for the § 1791(a) convictions would be required to run consecutively to *any* other sentence involving *any* controlled substance.

**B.**

Joseph's reading of § 1791(c) is the only plausible interpretation that comports with the text of the statute and congressional intent. "'In interpreting a statute, we look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress.'" *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 830 (9th Cir. 1996) (internal quotation marks and citation omitted)).

In crafting § 1791(c), Congress used "such" three times. First to modify "a controlled substance" and twice more in the remainder of the second provision. As used in the second provision of § 1791(c), "such inmate" refers to the specific inmate involved and "such violation" refers to the specific violation of § 1791(a). Each use of "such" means "the specific." Applying the "presumption that a given term is used to mean the same thing throughout a statute," *Brown v. Gardner*, 513 U.S. 115, 118 (1994) (citing *Atl. Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932)), the first "such" refers to the specific item of drugs involved in the § 1791(a) violation.

Moreover, the Government's reading would render meaningless the word "such." It is "an important rule of statutory construction . . . that every word and clause in a statute be given effect." *United States v. Williams*, 659 F.3d 1223, 1227–28 (9th Cir. 2011) (citing *Hibbs v. Winn*,

542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."). Had Congress intended the meaning urged by the Government, it would have merely omitted the word "such" before "a controlled substance" from the first provision in § 1791(c).

The background against which Congress legislated further supports our conclusion. Absent a statute requiring consecutive sentences, district judges have discretion, under 18 U.S.C. § 3584(a), to impose sentences either "concurrently or consecutively."[7] Congress enacted § 1791(c) against this congressionally sanctioned discretionary authority and the existing presumption. The statute should not be interpreted to fully displace this discretion unless it is clear that Congress intended to do so. It seems unlikely that Congress intended § 1791(c) to usurp the district court's discretion in every case involving multiple controlled substance violations. The Government's interpretation would require that a defendant convicted under § 1791(a) for possessing a controlled substance in federal prison serve that sentence consecutive to *any* other sentence related to a controlled substance, including a completely unrelated state court sentence. More likely, Congress intended to displace only the district court's discretion as it relates to another sentence for an offense relating to the same item of drugs.

---

[7] The one exception is that *concurrent* sentences must be imposed where the sentences are "for an attempt and for another offense that was the sole objective of the attempt." 18 U.S.C. § 3584(a).

The legislative history reveals nothing to the contrary. The provision of § 1791(c) at issue here was added as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. 103-322 (Sep. 13, 1994). The change to the statute fell under the heading "Enhancement of Penalties for Drug Trafficking in Prisons," *id*. at § 90101, and the relevant "Declaration of Policy" reads: "It is the policy of the Federal Government that the use or distribution of illegal drugs in the Nation's Federal prisons will not be tolerated and that such crimes shall be prosecuted to the fullest extent of the law." *Id*. at § 90103. If anything, the heading's reference to drug *trafficking* lends further support to our conclusion that Congress intended that sentences run consecutively when an inmate both possesses and then distributes the same item of contraband.

Indeed, Joseph's case itself illustrates why our interpretation of § 1791(c) makes good sense. Here, Joseph was convicted of two counts relating to the same item of drugs—Count 1 for possessing and Count 2 for providing marijuana to another inmate. This kind of scenario seems precisely what Congress contemplated when drafting the first provision of § 1791(c). An inmate is sentenced for the possession of marijuana, and then an additional consecutive sentence must be imposed if the inmate distributed that marijuana within the prison.

The Sentencing Guidelines lend additional support to our conclusion. Section 1791 violations are sentenced according to United States Sentencing Guidelines § 2P1.2 (Nov. 1, 2012). The relevant commentary states: "[I]f a sentence of imprisonment is imposed on a count involving providing or possessing a controlled substance in prison, section 1791(c) requires that the sentence be imposed to run consecutively to

any other sentence of imprisonment for *the* controlled substance." U.S.S.G. § 2P1.2 cmt n.3 (Nov 1, 2012) (emphasis added).  Although we are not bound by the Sentencing Commission's interpretation of § 1791(c), it confirms our own interpretation of the statute.  Thus, we agree with the Sentencing Commission that Congress did not intend to mandate consecutive sentences for *any* controlled substance violation, but rather limited this requirement to *the* controlled substance at issue in the § 1791(a) offense.

Arguing against both the text of the statute and well-established canons of statutory construction, the Government rests its argument on a single case: *United States v. Raygosa-Esparza*, 566 F.3d 852 (9th Cir. 2009).  But we did not address this issue there.  Raygosa-Esparza was convicted of two counts—one for conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. § 846 and a related substantive charge for attempting to obtain possession of the same controlled substances while in prison in violation of § 1791(a)(2).  *Id*. at 853.  Under any of the possible interpretations articulated above, the district court was required to impose consecutive sentences because the two related convictions arose from the same controlled substances.  Thus, we had no occasion to decide the issue now before us.

In sum, we hold that the first provision of § 1791(c)— "[a]ny punishment imposed under subsection (b) for a violation of this section involving a controlled substance shall be consecutive to any other sentence imposed by any court

for an offense involving such a controlled substance"—only requires consecutive sentences when there is more than one conviction resulting from the same item of controlled substance contraband. Therefore it was error for the district court to assume that the statute required the sentence for Count 4 be imposed consecutively to Counts 1 and 2.**[8]**

## III.

Next, we must determine if the district court's error in interpreting § 1791(c) was "plain." "An error is plain if it is 'contrary to the law at the time of appeal . . .'." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)). Here, although there was no appellate case law answering this precise question, the clear text and structure of the statute, along with the Sentencing Guidelines, are sufficient to show that the error was "plain." *See United States v. Waknine*, 543 F.3d 546, 552–53 (9th Cir. 2008) (concluding that the district court's error in failing to allow the government to be heard before imposing sentence was "plain" because the "plain language" and "express command" of Fed. R. Crim. P. 32 required the district court to do so).

We must also determine if the district court's error affected Joseph's "substantial rights." *Id*. at 553. Joseph must "demonstrate 'a reasonable probability that [he] would have received a different sentence' if the district court had not erred." *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011) (quoting *Waknine*, 543 F.3d at 554). "A 'reasonable

---

**[8]** Counts 1 and 2 arise from the same item of drugs and therefore the district court was correct in determining that the sentences for these two counts must be imposed consecutively.

probability' is, of course, less than a certainty, or even a likelihood." *Id*. (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 86 (2004) (Scalia, J., concurring in the judgment) (observing that the "reasonable probability" standard is more "defendant-friendly" than the "more likely than not" standard)). We have held that when a plain error may have led to a sentence that was one month longer than necessary, even within the Sentencing Guidelines, that error "affects substantial rights." *United States v. Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2009).

We have also reversed and remanded "where the district court errs by failing to consider exercising its discretion" because the district court "might possibly" have exercised that discretion if it was aware that discretion was permitted. *United States v. Castillo-Casiano*, 198 F.3d 787, 790–91 (9th Cir. 1999), *amended*, 204 F.3d 1257 (9th Cir. 2000) (citing *United States v. Mendoza*, 121 F.3d 510 (9th Cir. 1997)).[9] In those cases we reversed and remanded where we found that the district court "might possibly" have exercised its discretion had it been aware that the law permitted such discretion. *Castillo-Casiano*, 198 F.3d at 791–92; *Mendoza*, 121 F.3d at 515.

Here, the district court imposed a 24-month sentence, above the 10–16-month Sentencing Guidelines range. The total sentence was based on three separate counts of conviction, each to run consecutively to the other two. As we

---

[9] *Castillo-Casiano* and *Mendoza* both refer to this as a "harmless error" inquiry. We have clarified that the "substantial rights prong of plain error analysis mirrors harmless error analysis but shifts the burden of persuasion with respect to prejudice to the defendant." *Ameline*, 409 F.3d at 1088 (describing a finding in *Olano*, 507 U.S. at 734).

noted above, the sentences for Counts 1 and 2, totaling 14 months, must run consecutively under § 1791(c) because both convictions arise from the same item of drugs. The sentence for Count 4, which did not need to be imposed consecutively, added an additional 10 months of incarceration. Had the district court recognized that it had discretion to impose Count 4 concurrently to the other counts, Joseph's total sentence could have been 10 months shorter. We cannot say with any certainty that the district court would have necessarily imposed a different total sentence had it properly recognized its sentencing discretion. But our role is not to hypothesize about what the district court *would have* done. Rather, where, as here, there is a *possibility* that the district court would have exercised its discretion and arrived at a lower overall sentence, the third prong of the plain error inquiry is satisfied. *Castillo-Casiano*, 198 F.3d at 791–92; *Mendoza*, 121 F.3d at 515; *see Hammons*, 558 F.3d at 1106.

Finally, we must decide whether the plain error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Ameline*, 409 F.3d at 1078 (quoting *Cotton*, 535 U.S. at 631 (citation and alteration omitted)). "We have regularly deemed the fourth prong of the plain error standard to have been satisfied where, as here, the sentencing court committed a legal error that may have increased the length of a defendant's sentence." *Tapia*, 665 F.3d at 1063 (listing cases). As we said in *Castillo-Casiano* and again in *Tapia*:

> It is easy to see why prejudicial sentencing errors undermine the "fairness, integrity, and

public reputation of judicial proceedings:" such errors impose a longer sentence than might have been imposed had the court not plainly erred. Defendants . . . may be kept in jail for a number of years on account of a plain error by a court, rather than because their wrongful conduct warranted that period of incarceration. Moreover, there is little reason not to correct plain sentencing errors when doing so is so simple a task . . . . Reversing a sentence does not require that a defendant be released or retried, but simply allows a district court to exercise properly its authority to impose a legally appropriate sentence.

*Tapia*, 665 F.3d at 1063 (quoting *Castillo-Casiano*, 198 F.3d at 792). Therefore, we exercise our discretion to notice the plain error that Joseph failed to object to in the district court. *See Cotton*, 535 U.S. at 631; *Johnson*, 520 U.S. at 467; *Ameline*, 409 F.3d at 1078.

## IV.

Accordingly, we hold that the district court committed plain error by interpreting 18 U.S.C. § 1791(c) to require consecutive sentencing for controlled substances offenses that

arose out of separate items of drugs.[10]   We vacate Joseph's
sentence and remand for resentencing.

## VACATED AND REMANDED.

---

[10] Because we remand for resentencing we need not address Joseph's
other two arguments.  Nonetheless, for the benefit of the district court and
the parties on remand, we note the following.  First, Joseph argues that the
district court committed plain error by considering "rehabilitation" in
imposing or lengthening his sentence of imprisonment.   Under the
Supreme Court's recent decision in *Tapia v. United States*, 131 S. Ct.
2382, 2388 (2011), a district court may not consider the goal of
"rehabilitation"—represented by the factor articulated in 18 U.S.C.
§ 3553(a)(2)(D)—when deciding to impose or lengthen a sentence of
imprisonment.  The district court's Statement of Reasons seems to reflect
that rehabilitation may have been a factor in the court's sentencing
decision.  On remand, the district must not consider rehabilitation as a
basis for extending the length of Joseph's term of imprisonment.

Second, Joseph argues that the district court committed plain error by
requiring, as a term of supervised release, that he register as a sex
offender.  We note that where the government proves "that a particular
condition of supervised release involves no greater deprivation of liberty
than is reasonably necessary to serve the goals of supervised release,"
*United States v. Collins*, 684 F.3d 873, 889 (9th Cir. 2012) (quotation
marks and citation omitted), "supervised release conditions need not relate
to the offense" the defendant is being sentenced for "as long as they
satisfy any" of the goals of deterrence, protection of the public, or
rehabilitation. *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003).