**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50525 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01125-ODW-1 |
| v. | |
| BARBARA RODRIGUEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted July 8, 2013
Pasadena, California

Before: BENAVIDES,** BYBEE, and NGUYEN, Circuit Judges.

Barbara Rodriguez appeals her sentence upon the revocation of supervised

release. She contends that the district court erred by converting her 180-day stay in

a residential reentry center ("RRC") to an equivalent length of imprisonment under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Fortunato P. Benavides, Senior Circuit Judge for the
U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

United States Sentencing Guidelines § 7B1.3(d), relying on an improper

sentencing factor, and imposing a sentence that was substantively unreasonable.

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C.§ 1291, and we affirm.

**1.** We need not decide whether the district court's application of guideline

7B1.3(d) to the facts of this case was correct. Rodriguez did not object, so we will

not overturn the district court's guideline interpretation unless it was plainly

erroneous.[1] *See United States v. Ayala-Nicanor*, 659 F.3d 744, 746–47 (9th Cir.

2011).

Rodriguez could not have participated in the STAR program in which she

was assigned the 180-day RRC stay without being subject to the supervised release

term that was imposed in her original revocation sentence. Therefore, the district

court's conclusion that the RRC term was imposed "in connection with" that

sentence was a reasonable interpretation of guideline 7B1.3(d) as applied to the

facts of this case. *Cf. United States v. Jackson*, 697 F.3d 1141, 1146 (9th Cir.

2012) (per curiam) (holding that a district court does not plainly err by applying a

---

[1]Where, as here, "the appeal presents a pure question of law and there is no prejudice to the opposing party that resulted from a defendant's failure to object," this court is "not limited to a plain error standard of review." *United States v. Joseph*, 716 F.3d 1273, 1276 n.4 (9th Cir. 2013) (alterations and internal quotation marks omitted). Because Rodriguez agrees that plain error review applies, we express no opinion on whether, under de novo review, we would agree with the district court's interpretation.

reasonable interpretation of the sentencing guidelines in the absence of controlling authority to the contrary).

**2.** Rodriguez contends that the district court improperly relied on the seriousness of her violation as a sentencing factor, evidenced by its focus on her waste of STAR program resources. The import of the district court's remarks is that Rodriguez had no reason to violate the program conditions because she was given plenty of resources and could have voluntarily left the program at any time. The nature and circumstances of the offense is a relevant factor, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e), as are the other reasons cited by the district court for its sentencing choice: the necessity to deter future criminal conduct and protect the public from future crimes, *see* 18 U.S.C. § 3553(a)(2)(B)–(C), and Rodriguez's breach of the court's trust, *see United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006). Rodriguez identifies no obvious procedural error.

**3.** In evaluating the substantive reasonableness of Rodriguez's sentence, we may begin with the presumption that it is reasonable because it falls within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Rodriguez argues that the district court should not have imposed a sentence at the high end of the guidelines range in light of mitigating factors such as her history of abuse and drug use at an early age. Given that Rodriguez repeatedly absconded after failing

3

to abide by the terms of her supervised releases, the district court did not abuse its discretion in selecting the high end of the guidelines range for her base term. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir.2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**