MURGUIA, Circuit Judge,
concurring in part, and dissenting in part:
I agree with my colleagues for the most part, but I do not believe that the residency and loitering conditions are facially overbroad. First, as the residency condition is concerned, Zafa has not shown that the opportunity to live within “direct view” of distant schools or parks is a “substantial right.” See United States v. Joseph, 716 F.3d 1273, 1277 (9th Cir.2013) (on plain eiTor review, we have discretion to address only those errors that “affect[ ] substantial rights”). Second, I read both the residency and loitering conditions to apply only to public parks and pools that are frequented by children. Construed in light of the conditions’ purpose, I understand the phrase “primarily used by persons under the age of 18” to refer not only to “other places” but to all the specific locations listed, including “parks” and “public swimming pools.” See Barnhart v. Thomas, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) (noting that the rule of the last antecedent may be “overcome by other *801 indicia of meaning”). For these reasons, I would affirm the district court’s imposition of the residency and loitering conditions.