**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10450 |
| Plaintiff - Appellant, | D.C. No. 2:13-cr-00215-LKK-1 |
| v. | |
| JOSEPH AARON MCCLENDON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted July 8, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Joseph Aaron McClendon pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The United States appeals the 83-day "time served" sentence imposed by the district court, arguing that the district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

committed procedural error by failing to explain the substantial downward variance. The United States also argues that McClendon's sentence, which amounted to a downward variance of ninety-seven (97) percent from the low-end of the applicable Guidelines range, was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291.

Because the government failed to object to McClendon's sentence, the plain-error standard governs our review of whether the district court committed procedural error. *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008). We review the substantive reasonableness of the sentence for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). We conclude that the district court committed plain procedural error, and we vacate and remand for resentencing.

A district court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). When the district court decides that an outside-Guidelines sentence is warranted, the court must consider and explain "the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* Here, the district court imposed a "time served" sentence of 83 days, well below the applicable Guidelines

2

range of 97 to 121 months.  However, the district court failed to provide any reasoning for the substantial downward variance.  Instead, the district court summarily concluded that "nobody in [their] right mind would consider [the applicable Guidelines range] an appropriate sentence under the circumstances." The district court erred by failing to explain "the circumstances" warranting the downward variance, and the error was plain.  *See* 18 U.S.C. § 3553(a) (listing factors that "shall" be considered when a district court imposes sentence); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (a district court "must explain why he imposes a sentence outside the Guidelines").

The error affected the government's substantial rights.  Ordinarily, an error affects an appellant's substantial rights if it "affect[s] the outcome of the district court proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)) (internal quotation marks omitted).  After noting its disagreement with the applicable Guidelines range, the district court stated, "I'm leaving. That's the end of it."  By doing so, the district court deprived the government of an opportunity to argue against the imposition of an 83-day sentence.  Had the government been given this opportunity, it could have persuaded the district court to impose a sentence that was closer to the Guidelines range.  *See United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011);

3

*see also United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) (if error "may have led" to even a one-month deviation in sentencing, the error "affects substantial rights" (internal quotation marks omitted))..

The district court exercised its sentencing authority in a seemingly arbitrary manner, which "seriously affected the fairness, integrity or public reputation of judicial proceedings."[1]  *See Carty*, 520 F.3d at 992.

**VACATED and REMANDED for resentencing.**

---

[1] Because we conclude that the district court committed procedural error, we do not reach the government's argument that McClendon's 83-day sentence was substantively unreasonable.