
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50086 |
| Plaintiff- Appellee, | D.C. No. 3:13-cr-01569-CAB-1 |
| v. | |
| GLEN LEE GREEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy A. Bencivengo, District Judge, Presiding

Submitted August 7, 2015[**]
Pasadena, California

Before: SILVERMAN, SACK[***], and WARDLAW, Circuit Judges.

Glen Lee Green appeals his conviction and sentence for one count of

violating 18 U.S.C. § 922(g)(1), which makes it a crime for a person who has been

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

convicted of a felony to possess a firearm.  With respect to his conviction, Green argues that the government made two improper statements during closing arguments and asked one of the defense witnesses an improper question.  With respect to his sentence, Green argues that the district court failed to adequately appreciate its authority to consider rehabilitation in crafting a sentence, and failed to adequately explain its reasons for rejecting his argument for a downward departure.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm both Green's conviction and his sentence.

Because Green did not object to any of the purported errors at trial or sentencing, we review for plain error.  *See United States v. Rangel-Guzman*, 752 F.3d 1222, 1224 (9th Cir. 2014); *United States v. Joseph*, 716 F.3d 1273, 1276-77 (9th Cir. 2013).  "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights.  If these three conditions of the plain error test are met, an appellate court may exercise its discretion to notice a forfeited error that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Joseph*, 716 F.3d at 1277 (citations and internal quotation marks omitted).  An error affects a criminal defendant's substantial rights where "the probability of a different result is sufficient to undermine confidence in the

outcome of the proceeding." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (internal quotation marks omitted).

The district court did not commit plain error during trial so as to warrant reversal of Green's conviction. The government's characterization of the word "bizack" as a reference to the firearm Green was found guilty of possessing was not improper. Read in context, the government was not asserting a particular definition of the word "bizack" when it made the challenged statement. Instead, it was urging the jury to infer that "bizack" meant "gun." "It is well settled that a prosecutor in a criminal case has a special obligation to avoid improper suggestions, insinuations, and especially assertions of personal knowledge." *United States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998) (internal quotation marks omitted). Notwithstanding this rule, "[p]rosecutors have considerable leeway to strike 'hard blows' based on the evidence and all reasonable inferences from the evidence." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000). Here, the government was entitled to encourage the jury to draw inferences from the evidence–including the inference that when the defendant used the term "bizack" in a recorded telephone conversation he meant "gun." *See, e.g.*, *United States v. Hermanek*, 289 F.3d 1076, 1099-1100 (9th Cir. 2002) (urging the jury to infer that vague statements referred to cocaine was not error). Moreover, for the

reasons stated below, any error was unlikely to have affected the outcome of the trial.

The government concedes that it erred when it stated that it was "confident the evidence shows that [Green] would have moved the marijuana and the gun and everything else" if he had time. In order "to ascertain whether the vouching amounts to plain error, the court balances the seriousness of the vouching against the effectiveness of any curative instruction and the closeness of the case." *United States v. Brooks*, 508 F.3d 1205, 1211 (9th Cir. 2007) (alterations and internal quotation marks omitted). This isolated misstatement was offset by the government's admonitions that the jurors should determine what facts the evidence had established. And, in any event, there was "substantial independent evidence of guilt" in this case. *Id.* The government presented evidence that Green resided, at least part-time, in the southwest bedroom, including Green's own recorded statement to that effect, and that the firearm was recovered from among his possessions and had his DNA on it. This was sufficient for the jury to conclude that Green constructively possessed the firearm, even absent the government's isolated statement that it was "confident" that Green would have moved the gun had he had the time to do so.

Green next argues that the government improperly questioned defense witness Emory Richardson about his belief in Green's guilt. Even if the government's question was improper insofar as it could be construed as a request for a legal opinion, the question itself is unlikely to have affected the outcome of the trial. The court instructed the jury that the lawyers' questions were not evidence, and "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Moreover, Richardson's answer is unlikely to have prejudiced Green because he responded that he did not think Green was guilty.

Nor did the district court commit plain error with respect to sentencing. The sentencing transcript demonstrates that the district court properly comprehended its authority to consider rehabilitation. It acknowledged that Green had "positive dreams to want to make a better life for himself and his daughter," but despite the desire "to vary here on the optimistic hope that [he was] going to have a brighter future," the court could not "justify going lower than the low end of the guideline range in this case for [him] . . . [and it] d[idn't] really see a reason to vary outside of [the] guidelines here."

Finally, although the district court did not offer a detailed explanation of why "the sentence imposed [was] sufficient [to] . . . avoid unwarranted disparity with the sentences of others with similar conduct and record," we can "infer[] from

5

the record as a whole" that the district court likely rejected Green's argument because (a) Green's within-guidelines sentence was only marginally higher than those of the defendants he identified, and (b) he, unlike those defendants, did not accept responsibility for his crime. *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (internal quotation marks and alterations omitted).

**AFFIRMED.**