**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50560 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00096-DSF-1 |
| v. | |
| ALEX MIGUEL MARQUEZ-FUENTES, AKA Alex Marquez Fuentes, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Defendant Alex Marquez-Fuentes appeals the 70-month sentence he received

for unlawful reentry under 8 U.S.C. § 1326, arguing that the district judge's sentence

was both procedurally and substantively unreasonable.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because Marquez-Fuentes did not raise his argument below that the sentence was procedurally unreasonable, we review the procedural reasonableness of the sentence for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). To establish plain error, (1) there must be an "error or defect," (2) the "error must be clear or obvious, rather than subject to reasonable dispute," (3) the "error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings,'" and (4) if the above three prongs are satisfied, this court has the discretion to remedy the error "only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734, 736 (1993)). We review the substantive reasonableness claim for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

1. Marquez-Fuentes first argues that the district court committed procedural error when it discredited his mitigation evidence showing that he was kidnapped in Honduras, including a police report regarding that kidnapping. The district court discredited the kidnapping because the police report was made by Marquez-Fuentes's cousin, who was not a witness to the crime, after Marquez-Fuentes had already been freed. Although the evidence is certainly open to differing interpretations, the district

court's finding was not a "clear or obvious" error and therefore was not plain error. *See United States v. Christensen*, 732 F.3d 1094, 1105 (9th Cir. 2013).

2. Marquez-Fuentes next contends that the district court plainly erred in its finding that he was minimizing his criminal history of spousal abuse because it mistakenly stated that Marquez-Fuentes denied this charge after being found guilty in a jury trial in state court when, in fact, he denied it after having pled *nolo contendere*. Both parties agree that the district court committed clear error. The question therefore is whether this error affected Marquez-Fuentes's substantial rights under prong three of the plain error test—that is, whether there was a reasonable probability that this error may have led to a sentence that was even one month longer than necessary. *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013).

Here, there is not a reasonable probability that this error affected Marquez-Fuentes's substantial rights. Although he pled *nolo contendere* in state court to the domestic violence charge, he admitted that he had "in fact" committed it during his plea hearing in federal court. It is highly unlikely that the district court—after listing a number of aggravating factors—would have sentenced Marquez-Fuentes to less than 70 months based on the difference between his denying the crime of domestic violence after having admitted it in court rather than after having been found guilty of it by a jury. *See Christensen*, 732 F.3d at 1106. Therefore, this was not plain error.

3. Marquez-Fuentes finally argues that the sentence was substantively unreasonable. We disagree. The district court appropriately considered the 18 U.S.C. § 3553(a) factors when it sentenced Marquez-Fuentes to the bottom of his sentencing guidelines range. It did not abuse its discretion. *See United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010).

**AFFIRMED.**

USA v. Marquez-Fuentes, 14-50560

Reinhardt, Circuit Judge, dissenting:

I would hold that the discrediting of the kidnapping and the police report for the reasons given by the district court constituted "clear and obvious error" and therefore plain error. Accordingly, I would vacate the sentence and remand for resentencing.