**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50427 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00277-GPC-3 |
| v. | |
| JOHN GORDON BADEN, AKA John Gordon Baden, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted December 5, 2016
Pasadena, California

Before:  REINHARDT, W. FLETCHER, and PAEZ, Circuit Judges.

John Gordon Baden appeals his sentence of 108 months' imprisonment

following his conviction of computer hacking in violation of 18 U.S.C.

§§ 1030(a)(4) and (c)(3)(A), wire fraud in violation of 18 U.S.C. § 1343, and

conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  Reviewing for plain error, we vacate Baden's sentence and remand for resentencing.

**1.**     To establish plain error, Baden must demonstrate (1) there was "an error[,]" (2) the error was "plain[,]" and (3) "the error . . . affected the defendant's substantial rights, which in the ordinary case means that he or she must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citations and internal quotation marks omitted).  "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if [(4)] the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

**2.**     The government concedes that the first two prongs are satisfied because the district court plainly erred in applying the two-level sentencing enhancement for "theft from the person of another" under § 2B1.1(b)(3) of the United States Sentencing Guidelines (the "Guidelines").

**3.**     As to the third prong, "in the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application of an incorrect, higher Guidelines range and the sentence he received thereunder." *Id.* at 1347.  This is an "ordinary" case, and Baden makes such a showing.  Indeed, the district court relied

on the erroneous Guidelines calculation in fashioning Baden's sentence and did not base his sentence solely on "factors independent of the Guidelines." *See id.* Because the record is "silent as to what the district court might have done had it considered the correct Guidelines range," the error affected Baden's substantial rights. *Id.*

4.      Baden satisfies the fourth prong by demonstrating that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Joseph*, 716 F.3d 1273, 1281 (9th Cir. 2013) (internal quotation marks omitted). "We have regularly deemed the fourth prong of the plain error standard to have been satisfied where, as here, the sentencing court committed a legal error that may have increased the length of a defendant's sentence." *Id.* (quoting *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011)). Accordingly, we vacate Baden's sentence and remand for resentencing.

**VACATED and REMANDED.**