**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30244 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-00027-TMB-1 |
| v. | |
| SYNDA L. COLLINS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted December 9, 2020
Seattle, Washington

Before: BERZON, MILLER, and BRESS, Circuit Judges.

After Synda Collins violated the terms of her supervised release, the district court initially sentenced her to 24 months in prison. This court vacated Collins's sentence and remanded for resentencing because the district court impermissibly focused on the seriousness of Collins's new offense when imposing her revocation sentence. *United States v. Collins*, 773 F. App'x 992 (9th Cir. 2019). The district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court on remand sentenced Collins to 18 months in prison. Because the district court committed a different error on remand, we vacate and remand for resentencing.

1. In resentencing Collins on remand, the district court found that a "critically important factor[]" in "determining an appropriate sentence in this matter" was "the need for the sentence to provide the defendant with needed correctional treatment." The district court also stated that "a period of incarceration would . . . provide for Ms. Collins' continued treatment for substance abuse." Collins argues that the district court improperly relied on her need for rehabilitation in imposing a sentence of incarceration. Because Collins did not object to the sentence on this ground in the district court, we review for plain error. *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008). In this case, however, the government concedes that the district court erred in considering rehabilitation in the resentencing, and we agree.

The Supreme Court has held that for an initial sentence, 18 U.S.C. § 3582(a) prohibits a court from "impos[ing] or lengthen[ing] a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Tapia v. United States*, 564 U.S. 319, 335 (2011). This court later held that "*Tapia* applies to imprisonment regardless of whether imprisonment is imposed at initial sentencing or on revocation." *United States v. Grant*, 664 F.3d 276, 280 (9th Cir. 2011). As a result, 18 U.S.C. § 3583(e)—the statutory provision for modifying

2

or revoking supervised release—precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation when the offender violates the terms of her supervised release. *Id.* at 282. The district court therefore erred in considering rehabilitation when imposing a sentence of incarceration on Collins.

We grant relief under the plain error standard if the qualifying error "affects the defendant's substantial rights" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Green*, 940 F.3d 1038, 1044–45 (9th Cir. 2019). In the sentencing context, these inquiries merge into the general inquiry of whether "the defendant can demonstrate a reasonable probability that [s]he would have received a different sentence if the district court had not erred." *Id.* at 1045 (alterations and quotations omitted).

The government argues that Collins has not met this standard, but we disagree. In resentencing Collins, the district court treated Collins's rehabilitative needs as one of three "critically important factors." The district court's 18-month sentence exceeded the 4–10 month recommended range in the Sentencing Guidelines, and was about twice as long as the sentence the government, presentencing report, and defense counsel jointly recommended. On this record, there is thus a reasonable probability that, without erroneously considering Collins's rehabilitative needs, "the district court would have exercised its discretion and arrived at a lower overall

3

sentence." *United States v. Joseph*, 716 F.3d 1273, 1281 (9th Cir. 2013). We must therefore vacate Collins's sentence and remand for resentencing.[1]

2. We reject Collins's argument that the district court committed additional error on remand by failing to adhere to this court's instructions that it not "rely upon the seriousness of the new criminal offense underlying revocation of supervised release as a primary justification for imposing a particular revocation sentence." *Collins*, 773 Fed. App'x at 993 (citing *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006)). Based on our careful review of the record, we conclude that the district court complied with this court's mandate and our decisions in *Simtob* and *Miqbel* in resentencing Collins.

3. We decline Collins's request that we reassign this case to a different district court judge. Without evidence of bias, of which there is none, reassignment is reserved for "unusual circumstances." *United States v. Paul*, 561 F.3d 970, 975 (9th Cir. 2009) (per curiam). Here the district court complied with this court's mandate, and the new error it committed was wholly distinct from the one that prompted this court's initial remand for resentencing. In addition, and further counseling against reassignment, neither party brought the rehabilitation issue to the

---

[1] Because we are vacating and remanding for resentencing, we do not reach Collins's argument that an 18-month sentence is substantively unreasonable.

district court's attention during the resentencing, even though the government now concedes that the district court erred in this regard. While it is unfortunate that this case has required two remands for resentencing, we remain confident that the district court will resentence Collins appropriately under the law. We therefore do not believe that reassignment is warranted "to preserve the appearance of justice." *Id.*

Although the district court complied with this court's mandate, we nevertheless express our concern about certain actions the district court took on remand. In particular, the district court should not have ordered the parties to engage in supplemental briefing and colloquy on the question of whether this court's first remand was justified. Although we acknowledge the district court's stated desire to avoid repeating the error that led to this court's prior remand, the district court should not have involved the parties in its effort to question whether the record adequately supported this court's prior decision.

**VACATED and REMANDED for resentencing.**