NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10025 |
| Plaintiff-Appellee, | D.C. No.<br>1:17-cr-00304-LJO-SKO-1 |
| v. | |
| JOSE JESUS CARBAJAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 30, 2021**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,*** District Judge.

Jose Jesus Carbajal appeals his convictions and sentence for violating 18

U.S.C. §§ 924(c) and 1951.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

affirm the convictions, vacate the sentence, and remand for resentencing.

We review unpreserved arguments for plain error. Fed. R. Crim. P. 52(b). On plain error review, a defendant "must show that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected his substantial rights, which in the ordinary case means it affected the outcome of the district-court proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walls*, 784 F.3d 543, 546 (9th Cir. 2015).

1. The parties agree that the district court clearly erred when it sentenced Carbajal on the § 924(c) conviction and also adopted a Guidelines range for the § 1951 conviction that included a five-level enhancement under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B3.1(b)(2)(C) based on the same conduct—brandishing a firearm during a December 4, 2016 robbery. *See* U.S.S.G. § 2K2.4 cmt. n.4 ("If a sentence under this guideline[, which applies to § 924(c),] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.").

The sentencing error affected Carbajal's substantial rights and seriously affected the fairness, integrity, or public reputation of the proceedings because the

court sentenced Carbajal under an incorrect Guidelines range. "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Contrary to the government's argument, the record does not establish that the district court would have imposed the same sentence had it applied the correct Guidelines range. While the district court discussed some of the unfavorable facts of the case at sentencing, the court did not connect those facts to its decision to impose a 240-month sentence. Indeed, the government concedes that the court was guided by the presentence investigation report's ("PSR") recommendations, which impermissibly double-counted the fact that Carbajal brandished a firearm during the December 4, 2016 robbery. *Cf. id.* at 1346–47 (explaining that a reasonable probability of prejudice does not exist if it is "clear that the judge based the sentence . . . on factors independent of the Guidelines"); *see also United States v. Joseph*, 716 F.3d 1273, 1281 (9th Cir. 2013) (explaining that we regularly deem "the fourth prong of the plain error standard to have been satisfied where . . . the sentencing court committed a legal error that may have increased the length of a defendant's sentence" (quoting *United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011))). Carbajal therefore establishes that the district court plainly erred in

its Guidelines range calculation for the § 1951 conviction.

2.      The district court did not plainly err by denying Carbajal an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1.  Carbajal's argument that the court denied this adjustment because he went to trial is purely speculative, and no record evidence supports this theory.  The district court never discussed Carbajal's entitlement to the adjustment, the PSR did not recommend it, and Carbajal did not challenge that aspect of the PSR.

3.      Carbajal's remaining arguments fail.  We are bound by *United States v. Dominguez*, which held that Hobbs Act robbery is a crime of violence, 954 F.3d 1251, 1260–61 (9th Cir. 2020), and by *Taylor v. United States*, which held that Congress has authority under the Commerce Clause to regulate intrastate drug theft, 136 S. Ct. 2074, 2077 (2016).

We therefore **AFFIRM** Carbajal's convictions, but **VACATE** his sentence and **REMAND** for resentencing.