**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-50289 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01288-DMS-1 |
| v. | |
| RANDY ALTON GRAVES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

Before:  W. FLETCHER, NGUYEN, and LEE, Circuit Judges.
Dissent by Judge LEE.

A jury convicted Defendant-Appellant Randy Graves of conspiracy to

distribute marijuana, conspiracy to distribute methamphetamine, and possession

with intent to distribute methamphetamine.  This court vacated Graves's life

sentence and remanded for re-sentencing.  *See United States v. Graves*, 925 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1036, 1038 (9th Cir. 2019).[1]  The district court re-sentenced Graves to 25 years in prison.

Graves argues the district court erred at resentencing.  He contends that the court incorrectly determined that he was subject to an enhanced 15-year mandatory-minimum sentence under 21 U.S.C. §§ 841(b)(1)(A)(vii) and (viii).  He also contends that the court erred by failing to grant a two-level reduction for acceptance of responsibility under the Sentencing Guidelines.  We have jurisdiction under 28 U.S.C. § 1291.  Because the district court plainly erred with respect to the mandatory-minimum issue, we vacate and remand for another resentencing.

We review the district court's sentencing determinations for plain error because Graves did not object to them.  *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc).  "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Bautista*, 989 F.3d 698, 701-02 (9th Cir. 2021) (internal quotation omitted).  If these conditions are met, "we may exercise our discretion to notice an error that seriously affects the fairness,

---

[1] Graves requested judicial notice of certain filings in his first appeal.  Dkt. No. 7.  "We may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Accordingly, we grant Graves's request for judicial notice.

integrity, or public reputation of judicial proceedings." *Id.* at 702 (internal quotation omitted).

The district court plainly erred in determining that Graves had a prior conviction for a "serious drug felony" that triggered an enhanced mandatory-minimum sentence under 21 U.S.C. §§ 841(b)(1)(A)(vii) and (viii). The definition of a "serious drug felony" is borrowed from the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2). *See* 21 U.S.C. § 802(57). The ACCA defines a "serious drug offense" as a state-law drug offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Graves pleaded guilty in 2002 to selling and furnishing cocaine in violation of California Health and Safety Code ("CHSC") § 11352(a). The parties now dispute whether that offense carried a maximum term of imprisonment of ten years or more. A violation of CHSC § 11352(a) is punishable by three, four, or five years in prison. At the time Graves was sentenced for the CHSC violation, California law obligated the sentencing judge to impose the middle term of four years unless there were aggravating or mitigating circumstances, which the judge would determine by considering enumerated factors. *See Creech v. Frauenheim*, 800 F.3d 1005, 1015 (9th Cir. 2015) (describing California's determinate

3

sentencing scheme). Because Graves had a prior strike, the terms of imprisonment under CHSC § 11352(a) were doubled to six, eight, or ten years. *See* Cal. Penal Code § 667(e)(1). Graves was sentenced to the middle term of four years, doubled to eight years.

The government argues Graves's conviction was a serious drug felony because his prior strike exposed him to a potential maximum term of imprisonment of ten years. In *United States v. Rodriquez*, 553 U.S. 377, 382-83 (2008), the Supreme Court held that courts must consider the effect of recidivist enhancements when determining whether an offense carries a maximum term of imprisonment of ten years or more under the ACCA. However, in *Cunningham v. California*, 549 U.S. 270, 292-93 (2007), the Court had previously held that California's determinate sentencing scheme violated the Sixth Amendment because it allowed the imposition of an upper term sentence based on facts found by a judge and not a jury. Accordingly, "the middle term specified in California's statutes, not the upper term," was the maximum sentence a judge could impose absent a jury finding of aggravated factors. *Id.* at 293.

Graves was sentenced for violating CHSC § 11352(a) in 2002, under the scheme *Cunningham* later declared unconstitutional with respect to maximum terms that could be imposed. There was no jury finding of aggravated factors

4

because he pleaded guilty.  Accordingly, under *Cunningham*, he faced a maximum sentence of the middle term of four years, doubled to eight years with a recidivist enhancement.  *See* 549 U.S. at 293.  And because the offense did not carry a maximum term of imprisonment of ten years or more, it did not qualify as a serious drug felony.  The district court erred on resentencing when it determined that Graves was subject to an enhanced mandatory-minimum sentence of 15 years under 21 U.S.C. §§ 841(b)(1)(A)(vii) and (viii).

Graves has shown at least a "reasonable probability" that he would have received a different sentence absent the error.  *Bautista*, 989 F.3d at 702 (internal quotations omitted).  The court twice referred to the 15-year mandatory minimum during the resentencing hearing, and Graves argued for a total sentence of 15 years.  Although the district court appears to have based the sentence largely on the Guidelines range, "our role is not to hypothesize about what the district court *would* have done" absent the statutory error.  *United States v. Joseph*, 716 F.3d 1273, 1281 (9th Cir. 2013) (emphasis in original).  "Rather, where, as here, there is a *possibility* that the district court would have exercised its discretion and arrived at a lower overall sentence, the third prong of the plain error inquiry is satisfied."  *Id.* (emphasis in original).  The fourth prong of the plain error test is also satisfied

because the error may have resulted in a longer sentence. *See id.* We accordingly vacate and remand for resentencing with the correct mandatory minimum.

The district court did not plainly err by failing to grant a two-level downward adjustment for acceptance of responsibility under the Sentencing Guidelines. The court based its Guidelines calculations on the facts of the case and the record as a whole. It did not apply a "per se bar to the acceptance of responsibility reduction" based on Graves's decision to go to trial. *United States v. Cortes*, 299 F.3d 1030, 1039 (9th Cir. 2002). Moreover, Graves lied under oath at trial, and he did not object when the court applied an upward adjustment for obstruction of justice under U.S. Sentencing Guidelines § 3C1.1. Although Graves eventually admitted guilt, the fact remains that he "waited until after the jury returned a guilty verdict before showing contrition." *United States v. Reiche*, 54 F.4th 1093, 1101 (9th Cir. 2022).

**VACATED AND REMANDED.**



*United States v. Randy Graves*, No. 22-50289

LEE, Circuit Judge, dissenting:

The majority opinion correctly points out that district court erred in calculating the mandatory minimum sentence. But I do not believe that the court committed plain error affecting Randy Graves' 25-year sentence. An error does not affect substantial rights unless there is a "reasonable probability" that, absent the error, the defendant would have received a different sentence. *United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019) (en banc) (citations omitted).[1]

The record strongly suggests that the district court would have meted out a 25-year sentence, irrespective of its error. We know that because the district court laid out the reasons for the sentence: the "extremely violent" nature of Graves' crimes, his history of recidivism, and his choice to perjure himself during trial. The district court also explained that it had tailored the sentence—five years below the Sentencing Guidelines range—to allow Graves "time to continue the good work [he was] doing in prison, [and] to be free at some point in [his] life." And notably, the district court did not reference the mandatory minimum when setting Graves' sentence. I respectfully dissent.

---

[1] Graves must show a "reasonable probability"—not just mere "possibility"—that his sentence would have been lower but for the error. The mere "possibility" standard applies only when a district court incorrectly concludes that it lacks discretion to impose a lower sentence—not where, as here, the district court exercised discretion in selecting a sentence. *United States v. Joseph*, 716 F.3d 1273, 1281 (9th Cir. 2013); *United States v. Castillo-Casiano*, 198 F.3d 787, 791 (9th Cir. 1999).