NOT FOR PUBLICATION

FILED

APR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCO ANTONIO NARANJO,

Defendant - Appellant.

No. 13-10141

D.C. No. 2:12-cr-00146-LKK-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted April 14, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Defendant Marco Antonio Naranjo appeals his 130-month sentence for

possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1),

contending that sentence was procedurally unreasonable. Specifically, he contends

that the district court failed to provide an explanation of the sentence and announce

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the Sentencing Guidelines Range. Because Naranjo did not raise his argument below that the sentence was procedurally unreasonable, we review the reasonableness of the sentence for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

1. Naranjo argues that the district judge committed error by failing to provide an adequate explanation of the sentence. Under 18 U.S.C. § 3553(c), "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." In particular, when a defendant argues that a specific sentence outside the Sentencing Guidelines range is warranted, the judge must provide an adequate explanation of why he did not impose the defendant's requested sentence. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).

Here, Naranjo asked for a fifteen-month downward variance to the statutory minimum of 120 months in his sentencing memorandum to the district judge. During the sentencing hearing, the district judge originally suggested that the 120-month statutory minimum was excessive but then expressed doubts when weighing Naranjo's youth at the time of the crime against the amount of drugs involved. The court then began to announce the sentence, stating that "[t]he Court finds that a downward departure to the mandatory -- ." The judge, however, did not finish his sentence because he realized that he needed to provide Naranjo with the opportunity to speak

on his own behalf. Once Naranjo spoke, the district judge then sentenced him to 130 months without providing any explanation of how he arrived at that particular sentence and why he rejected the 120-month sentence. Indeed, the only comment the district judge made after imposing the sentence was that "all of [Naranjo's] experience will be with people who are -- well, can't be helped." Although the district judge considered various factors, including Naranjo's youth and the amount of drugs involved in the crime, he never explained how he arrived at the 130-month sentence on the basis of those factors. *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013) ("[T]he *Rita* instruction is concerned with *explanation*, not merely *consideration*."). The district court therefore erred.

2. Naranjo next argues that this error affected his substantial rights and the fairness of the proceeding because there is a reasonable probability that the district judge either made a mistake by sentencing him to 130 months or would have changed the sentence had he explained his reasoning. We agree.

To show that an error substantially affected his rights, Naranjo must "demonstrate a reasonable probability that [he] would have received a different sentence if the district court had not erred." *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) (alteration in original) (citations and quotations omitted). "A 'reasonable probability' is, of course, less than a certainty, or even a likelihood."

*United States v. Tapia,* 665 F.3d 1059, 1061 (9th Cir. 2011) (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 86 (2004) (Scalia, J., concurring)). Where a court's error "may have led to a sentence that was one month longer than necessary, even within the Sentencing Guidelines, that error 'affects substantial rights.'" *Joseph*, 716 F.3d at 1280 (citing *United States v. Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2009)). We have regularly deemed the fairness of a proceeding also to have been affected where "the sentencing court committed a legal error that may have increased the length of a defendant's sentence." *Tapia*, 665 F.3d at 1063.

Here, there is at least a reasonable probability that the district judge mistakenly gave a 130-month rather than a 120-month sentence. The district court initially suggested that a 120-month sentence was excessive. However, without explaining its change in position, the district court ultimately sentenced Naranjo to 130 months. Because the district judge erred and such error affected Naranjo's substantial rights and the fairness of the proceeding by potentially increasing the length of the sentence, we hold that the district court plainly erred and remand for resentencing. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).[1]

---

[1] Because we remand for resentencing on this ground, we do not need to reach Naranjo's alternative theory that the district court plainly erred by failing to announce the Sentencing Guidelines range.

3. Naranjo also contends that the reference to a particular gang in Special Condition 8 of the presentence report should be deleted in conformance with the district judge's order to remove any reference to a specific gang. The government agrees. On remand, that reference should be removed.

4. Naranjo last argues that we should remand for resentencing based on Amendment 782 to the Sentencing Guidelines. Although Amendment 782 is not an independent basis for remand, *United States v. Boykin*, 785 F.3d 1352, 1364 n. 9 (9th Cir. 2015), the district court may consider it at the time of resentencing.

**REVERSED AND REMANDED.**