**NOT FOR PUBLICATION**

FILED

SEP 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30162 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00156-MJP-1 |
| v. | |
| JOSEPH DANIEL SCOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted September 4, 2015
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Joseph Scott appeals the ten-year period of supervised release that was

imposed for his failure to register as a sex offender under 18 U.S.C. § 2250.

Specifically, Scott challenges the length of supervised release on the grounds of

ineffective assistance of counsel as well as the district court's adoption of a

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

miscalculated Sentencing Guidelines range. Scott pleaded guilty and waived many of his appellate rights in his plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we vacate and remand for re-sentencing.

We review the validity of a waiver of the right to appeal de novo. *See, e.g., United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). Although a defendant may waive the statutory right to appeal, a clear statement from the district court that a defendant has the right to appeal can invalidate a prior written waiver. *United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir. 1995). The district court's statement must be both "unambiguous" and "without qualification." *United States v. Arias-Espinosa*, 704 F.3d 616, 619 (9th Cir. 2012) (citations and internal quotations omitted). We also consider "the defendant's reasonable expectations about his rights." *Id.* at 618. Here, the district court told Scott that "[i]f you want to appeal the sentence that I have just given you, it's very important that you tell your lawyer . . . . [H]e can also speak with you about what issues might be appealable." When asked if he understood what he had just been told, Scott answered, "Yes." The district court's statement was unambiguous and without qualification, and gave Scott the expectation that he could appeal his sentence. Therefore the appellate waiver was invalidated and Scott retained the right to bring this appeal.

We review the district court's calculation of the Sentencing Guidelines for plain error because Scott did not raise this issue before the district court.[1] *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–32 (1993). Plain error requires (1) an error (2) that is plain (3) that affects substantial rights and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 732. "An error is plain if it is 'contrary to the law at the time of appeal . . .'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)). There does not need to be an appellate case directly on point when "the clear text and structure of the statute, along with the Sentencing Guidelines, are sufficient to show that the error was 'plain.'" *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) (citing *United States v. Waknine*, 543 F.3d 546, 552–53 (9th Cir. 2008)).

Here, the Presentence Investigation Report (PSR) miscalculated the supervised release range under the Guidelines at five years to life, mistakenly viewing failure to register as a "sex offense" under the U.S. Sentencing Guidelines

---

[1] Scott argues that we are not limited to plain error and could decide this issue de novo because this case presents a question of pure law and there is no prejudice to the government that resulted from Scott's failure to object. *See, e.g., United States v. Joseph*, 716 F.3d 1273, 1276 n.4 (9th Cir. 2013). However, because we conclude that there was plain error, we need not address this issue under a less deferential standard.

Manual (U.S.S.G.) § 5D1.2(b)(2) (2013).[2]  The district court erroneously adopted

this miscalculation.  The Application Notes to the 2013 Guidelines define "sex

offense" as an offense "perpetrated against a minor."  U.S.S.G. § 5D1.2, cmt. n.1

(2013).  As was correctly stated in the PSR, which the district court accepted in

full, there was no victim for Scott's failure to register as a sex offender.  The

supervised release range for failure to register was in fact five years,  not five years

to life.  *See* U.S.S.G. § 5D1.2(a)(2), (c); 18 U.S.C. § 3559(a)(3); 18 U.S.C.

§ 2250(a); 18 U.S.C. § 3583(k).  The district court erred when it adopted the

incorrect Guidelines range, and because the error was "contrary to the law" in light

of the clear text of the statutes and the Guidelines Application Notes, the error was

plain.

To demonstrate that a plain error affected substantial rights, defendants must

show "a reasonable probability that [they] would have received a different sentence

if the district court had not erred."  *Joseph,* 716 F.3d at 1280 (citations and internal

quotation marks omitted).  There is a reasonable probability that the district court

would have imposed a shorter period of supervised release had it not adopted the

---

[2] Scott's case is decided under the 2013 Sentencing Guidelines.  The 2014 Guidelines, which came into effect on November 1, 2014, amended Application Note 1 to make explicit that failure to register is not a "sex offense."  U.S.S.G. app. C, supp., amendment 786 (Nov. 1, 2014).

miscalculated Guidelines range. The reasons the district court gave for imposing the ten years of supervised release, including paralleling a state period of supervision, are not sufficient to cast significant doubt on this reasonable probability. We have long held that a legal error that may extend the length of a defendant's sentence affects the fairness, integrity, and public reputation of judicial proceedings. *See, e.g., United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011) (collecting cases). The district court plainly erred in adopting the miscalculation of the Guidelines range.

We vacate the supervised release sentence and remand for re-sentencing on this ground. We need not reach the issue of ineffective assistance of counsel.

**VACATED AND REMANDED.**