FILED

NOT FOR PUBLICATION

DEC 27 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10381 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-02302-JAS-BPV-1 |
| v. | |
| MIGUEL ANTONIO HERNANDEZ-FUENTES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted December 5, 2017
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and BATES,** Senior District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.


\*\* The Honorable John D. Bates, Senior United States District Judge for
the District of Columbia, sitting by designation.

Miguel Antonio Hernandez-Fuentes appeals his sentence of thirty-seven months' imprisonment and three years of supervised release for felony illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not plainly err by imposing a Guidelines sentence at the low end of the Guidelines range and declining to exercise its discretion under 18 U.S.C. § 3553(a) to vary downward. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (recognizing that a Guidelines sentence "will usually be reasonable" (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007))). Hernandez-Fuentes bases his claim of error on the ground that the district court stated that it would "probably be a lot more sympathetic" to Hernandez-Fuentes's request for a downward variance if his record showed that he "stayed out of trouble" and "had a record of employment," but that the court did not "see any record of employment in the United States, . . . and more troubling," saw only "a criminal history that puts other people at risk." According to Hernandez-Fuentes, the district court erred by overlooking the statement in the Presentence Report (PSR) that Hernandez-Fuentes advised that he had installed fences, was a fieldworker, worked for a medical company, and worked for a mirror and window company during the periods he was in California and not in custody.

2

We disagree. First, the district court's statement that Hernandez-Fuentes lacked a "record of employment" is ambiguous. The district court could reasonably have concluded that Hernandez-Fuentes's statement to the probation officer did not constitute a "record" of employment, given that Hernandez-Fuentes failed to provide the court with any evidence of employment, such as names of employers or dates of employment, despite the opportunity to do so. Nor did Hernandez-Fuentes correct the district court's understanding of his work history at sentencing. Given this ambiguity, we cannot say "that materially false or unreliable information was demonstrably made the basis for the sentence imposed by the district court." *See United States v. Christensen*, 732 F.3d 1094, 1106 (9th Cir. 2013).

Moreover, even if the district court overlooked Hernandez-Fuentes's statements regarding his work history, any such error did not affect Hernandez-Fuentes's substantial rights or affect the "fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). The district court's decision not to vary downward was not based on a procedural error that had a "reasonable probability" of influencing the length of the sentence, *see United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011), but rather on its discretionary

3

weighing of the § 3553(a) factors. In this context, the district court's statements during sentencing demonstrated its near-exclusive focus on Hernandez-Fuentes's criminal history while in the United States, including his two convictions involving multiple firearms, which resulted in the court's conclusion that Hernandez-Fuentes was "not willing to conform to the laws of the United States" while he was here and thus was someone who "put other people at risk." Given this record, Hernandez-Fuentes "has not met his burden of showing a reasonable probability of a different result" in sentencing. *See Christensen*, 732 F.3d at 1106 (quoting *United States v. Rodriguez*, 627 F.3d 1372, 1382 (11th Cir. 2010)).

We also reject Hernandez-Fuentes's argument that his prior conviction under section 11351 of the California Health and Safety Code did not qualify as a "drug trafficking offense," and therefore the district court erred in including a 12-level enhancement applicable to defendants who were deported after a conviction for a felony that is a drug trafficking offense. U.S. Sentencing Comm'n, *Guidelines Manual*, § 2L1.2(b)(1)(A)(i) (Nov. 2015). As we have recently explained, section 11351 is a divisible statute, and we may apply the modified categorical approach to determine whether Hernandez-Fuentes was convicted of a drug trafficking offense. *See United States v. Murillo-Alvarado*, No. 14-50354, — F.3d —, 2017 WL 5986574, *4 (9th Cir. Dec. 4, 2017). It is undisputed that Hernandez-Fuentes was

convicted under section 11351 for possessing cocaine for sale. Because cocaine is a controlled substance under federal law, 21 U.S.C. § 812(c) sched. II(a)(4), his prior conviction constitutes a drug trafficking offense for purposes of the 12-level sentencing guidelines enhancement, *see* USSG § 2L1.2.

Finally, we reject Hernandez-Fuentes's claim that his trial counsel rendered ineffective assistance by failing to object to the 12-level enhancement. Counsel was not ineffective because any such objection would have been meritless under controlling Ninth Circuit precedent at the time of sentencing, *see United States v. Torre-Jimenez*, 771 F.3d 1163, 1166 (9th Cir. 2014), as confirmed by *Murillo-Alvarado*, 2017 WL 5986574 at *4.

**AFFIRMED.**



*United States v. Hernandez-Fuentes*, 16-10381

BATES, District Judge, concurring in part and dissenting in part:

I concur with the panel majority on two issues: that the district court correctly applied a 12-level sentence enhancement for Hernandez-Fuentes's prior conviction, and that Hernandez-Fuentes's ineffective assistance of counsel claim fails. In my view, however, the district court's factual error regarding Hernandez-Fuentes's record of employment was plain and affected his substantial rights. We should therefore remand for resentencing.

The majority reads ambiguity into the district court's incorrect statement that Hernandez-Fuentes had no "record of employment in the United States" reflected in the PSR. I disagree. In context, it is clear that when the district court used the term "record of employment," it was not referring to a formal record with names and dates of employment, as the majority imagines may have been the case. Immediately after claiming that the PSR showed no record of employment in the United States, the district court said that the PSR "talks about your employment while you're in custody, it talks about your employment in Mexico." It would make little sense for the district court to have so directly compared the PSR's treatment of Hernandez-Fuentes's different employment histories if it was requiring an elaborate record: the PSR's information regarding Hernandez-Fuentes's employment history was just as vague for his time in prison and in Mexico as it was for his time in the United States.

1

The court's comments, read as a whole, suggest instead that it simply overlooked the sentence in the PSR stating Hernandez-Fuentes's employment in the U.S. "This is error, and it is plain." *United States v. Pena*, 314 F.3d 1152, 1157 (9th Cir. 2003).[1]

This error also affected Hernandez-Fuentes's substantial rights. Hernandez-Fuentes need only show that there is "'a *reasonable probability* that the [court's] error affected the outcome'—here the longer sentence imposed." *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013) (citation and internal quotation marks omitted); s*ee United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013) ("A 'reasonable probability' is, of course, less than a certainty, or even a likelihood." (quoting *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011)). He has done so. Indeed, the district court was quite explicit, telling Hernandez-Fuentes: "I would probably be a lot more sympathetic to your position if your record showed that you came to the United States, you stayed out of trouble, you didn't get—you had a record of employment." If a court says that it would "probably be a lot more sympathetic" to a defendant but for two facts, one of which was erroneous, there is at least a "reasonable probability" that the court would impose a different sentence if the error were corrected.

---

[1] The defendant confirmed at the sentencing hearing that "my work" is in America: "I have a way to earn a living here. I know how to earn a living here." Yet at no point did the district court seek further detail concerning Hernandez-Fuentes's employment in America.

The majority rightly notes that the district court was primarily concerned with Hernandez-Fuentes's prior convictions, rather than with his employment record. But plainly the court was not concerned <u>only</u> with the former. It is clear that both the prior convictions and the perceived lack of employment factored significantly into the court's decision. The court flowed immediately from one to the other in giving its reasons why it was not being more "sympathetic" to Hernandez-Fuentes. The court also stated that it was "not going to vary downward in this case" because there were "3553(a) factors that certainly do not mitigate in the defendant's favor, and those are the factors"—factors, in the plural—"that I put on the record." The only negative factors to which the court pointed were Hernandez-Fuentes's prior convictions and his employment history in the United States. This Court has previously found prejudice when an error is one of multiple factors leading a court to impose a particular sentence. *See, e.g.*, *Tapia*, 665 F.3d at 1061–62 (erroneous consideration of Tapia's correctional and rehabilitative needs as one of several sentencing factors affected substantial rights). Indeed, the sentencing statute explicitly "contemplates that multiple 'factors' will have an impact on a district court's determination of the length of an offender's sentence." *Id.* at 1062. Here, there are numerous indications in the record that Hernandez-Fuentes's employment history in America played a role in the court's sentencing decision.

Even granting that the district court's incorrect view of Hernandez-Fuentes's employment history was the lesser of the two factors the court considered, the error was still prejudicial. "This court has held that the [reasonable probability] standard can be met even without direct evidence of what sentence would have been imposed if not for the district court's error." *Id.* at 1061. And, indeed, "[w]e have held that when a plain error may have led to a sentence that was one month longer than necessary, even within the Sentencing Guidelines, that error 'affects substantial rights.'" *Joseph*, 716 F.3d at 1280 (quoting *United States v. Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2009)). Here, the district court's erroneous belief that Hernandez-Fuentes did not work during his long residence in the United States appears to have given it the false impression that Hernandez-Fuentes contributed only negatively to society while in this country. That view factored into the decision not to vary downward from the Guidelines, and thus "could easily have . . . led the district court to impose an additional one month of imprisonment" over what it might otherwise have done. *Hammons*, 558 F.3d at 1106.

Because the district court's sentencing error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," we should remand for resentencing. *Joseph*, 716 F.3d at 1277 (citation and internal quotation marks omitted). This Court has been particularly willing to exercise its discretion in the sentencing context. *See United States v. Castillo-Casiano*, 198 F.3d 787, 792 (9th

4

Cir. 1999), *amended,* 204 F.3d 1257 (9th Cir. 2000).  True, most of the cases in which this Court has remanded for resentencing have involved legal errors.  *See, e.g.*, *United States v. Scott*, 626 F. App'x 722, 725 (9th Cir. 2015) (Guidelines calculation); *Joseph*, 716 F.3d at 1281 (discretion to impose concurrent sentences); *Tapia*, 665 F.3d at 1061–63 (impermissible consideration of sentencing factor).  But the rationales underlying the remands in those cases—that defendants should not serve longer sentences based on mistakes that were not their own, and that sentencing errors are easy to correct, *see Castillo-Casiano*, 198 F.3d at 792—apply just as strongly to the plain factual error here.

On this issue, therefore, I respectfully dissent.