NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-50173 |
| Plaintiff-Appellee, | D.C. No. 5:20-cr-00041-JGB-1 |
| v. | |
| JONATHAN GARCIA, AKA FreeHugs, AKA kingjongar, AKA thekingjongar, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-50261 |
| Plaintiff-Appellee, | D.C. No. 5:20-cr-00041-JGB-1 |
| v. | |
| JONATHAN GARCIA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted April 4, 2024
Pasadena, California

Before:  R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant Jonathan Garcia appeals his 300-month custodial sentence and the imposition of a term of supervised release. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the custodial sentence and issue a limited remand to allow the district court to conform its oral pronouncement of Condition Eight to the written judgment and to allow Garcia an opportunity to object to that condition.

Garcia first argues that the district court procedurally erred by failing to explain sufficiently its sentencing decision, and in particular the court's failure to address certain arguments raised by Garcia in his sentencing memorandum. Because Garcia did not raise these challenges below, the panel reviews his procedural error claim for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). A sentencing court need not chronicle every reason for its decision, particularly when it is within the Guidelines range and the record indicates that it considered the parties' arguments. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007); *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). "At bottom, the sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018) (internal quotation marks omitted).

The district court did not commit plain error. The district court stated it had considered the parties' sentencing arguments and the presentence report, and explained its downward departure based on a mitigating circumstance. The court clearly was familiar with the parties' arguments and materials, as it mentioned Garcia's childhood sexual abuse as the reason for its imposition of a within-Guidelines sentence of 300 months rather than the recommended statutory maximum of 360 months. The court also imposed mental health and sex offender treatment supervised release conditions, which Garcia had argued were "what is needed here" to protect the public and prevent recidivism. On this record, Garcia has failed to demonstrate any plain or obvious error. *See Valencia-Barragan*, 608 F.3d at 1108.

Nor did the district court plainly err in its failure to address Garcia's other sentencing arguments, including that the court should reject the Guidelines as a matter of policy. District courts are under no obligation to have a policy disagreement with the Guidelines, and the district court here properly acknowledged its authority to deviate from the Guidelines. *United States v. Henderson*, 649 F.3d 955, 963-64 (9th Cir. 2011). Even if the court's bare explanation amounted to procedural error, Garcia has not shown that this error affected his substantial rights by demonstrating a "reasonable probability" that he would have received a different sentence in the absence of error. *United States v.*

*Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013).

Garcia also argues that his sentence is substantively unreasonable, which we review for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). Although this court's review is not a rubber stamp, we afford "significant deference" to the decision of the sentencing court and "will provide relief only in rare cases." *United States v. Ressam*, 679 F.3d 1069, 1086, 1088 (9th Cir. 2012) (en banc). Garcia's sentence is not unreasonable based on his offense and personal characteristics. The record reflects that Garcia solicited 50-100 young girls by posing as a minor and inducing his victims—some as young as nine years old—to produce and send sexually explicit videos and images to him. His conduct lasted for four years, during which time he had a pending charge in state court for lewd or lascivious acts with a minor. Balancing these aggravating factors, the court considered Garcia's own history of childhood sexual abuse as a factor warranting mitigation of his sentence. The district court was not obligated to agree with Garcia's view that the Guidelines are overly punitive. *Henderson*, 649 F.3d at 963-64. Finally, Garcia's sentence is not substantively disproportionate as compared to other defendants. *See* United States Sentencing Commission, *Federal Sentencing of Child Pornography Production Offenses*, at 3, 46, 50 (Oct. 2021).

Garcia also argues that the district court erred when it did not orally pronounce as a condition of his supervised release that he would be required to pay

4

for the Computer Monitoring Program reflected in Condition Eight of the written judgment. This court reviews a claim that the district court failed to make an oral pronouncement imposed in the written sentence de novo. *United States v. Montoya*, 82 F.4th 640, 646 (9th Cir. 2023) (en banc). It is undisputed that the district court did not orally pronounce the payment requirement for the Computer Monitoring Program, nor did it orally incorporate the condition by reference. The district court thus erred by failing to orally pronounce a payment requirement as a condition of supervised release, requiring remand. *Id.* at 644, 650.

Although the parties agree that error was committed, they disagree as to the scope of remand. Garcia argues that we should vacate the judgment and remand with instructions to strike the portion of Condition Eight that requires Garcia to pay for the Computer Monitoring Program, while the government argues that remand should be limited to allow the district court to amend its oral pronouncement to conform to the written judgment and to allow Garcia to object. We agree with the government that a limited remand is appropriate. Because there was no other sentencing error, we "exercise our discretion" to limit remand "so that the district court can cure its error by orally pronouncing any of the standard conditions of supervised release that it chooses to impose and by giving [Garcia] a chance to object to them." *Id.* at 656.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

5